## UNITED STATES DISTRICT COURT
## DISTRICT OF NORTH DAKOTA
## WESTERN DIVISION

| | |
|---|---|
| Ronald Edward Young, | Case No. |
| Plaintiff, | **Complaint** |
| vs. | Jury Trial Demanded |
| | Fed. R. Civ. P. 38(b) |
| Eric Keyes, acting in his individual capacity as a Williston police officer, and Nick Rintamaki, acting in his individual capacity as a Williston police officer, | |
| Defendants. | |

Plaintiff Ronald Edward Young ("Young") for his Complaint against Defendants Eric Keyes ("Keyes") and Nick Rintamaki ("Rintamaki"), states and alleges as follows:

### PARTIES AND JURISDICTION

1) Plaintiff Ronald Young is a resident of Williston, North Dakota.

2) Defendant Eric Keyes is, upon information and belief, a resident of North Dakota. Keyes served as a Williston Police Department Officer on December 31, 2019. The Williston Police Department is an agency of the City of Williston. Keyes acted under color of state law at all material times. He is sued in his individual capacity.

3)      Defendant Nick Rintamaki is, upon information and belief, a resident of North Dakota. Rintamaki served as a Williston Police Department Officer on December 31, 2019. The Williston Police Department is an agency of the City of Williston. Rintamaki acted under color of state law at all material times. He is sued in his individual capacity.

4)      The plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and 28 U.S.C. §§ 1331 and 1343(a)(3). These statutory and constitutional provisions confer original jurisdiction of this Court over this matters.

5)      The events giving rise to this action occurred in Williams County, North Dakota. Venue is proper under 28 U.S.C. § 1391(b)(2).

## FACTS

6)      On December 31, 2019, Young was driving in the City of Williston.

7)      At approximately 10:00 p.m., Keyes was on patrol.

8)      Keyes activated his emergency lights and stopped Young due to an alleged improper turning movement by Young.

9)      Young stopped his vehicle, and a traffic stop was conducted by Keyes and Rintamaki.

10)     During the stop, Keyes observed indicia of alcohol intoxication. Field sobriety and other DWI-related tests were conducted by Keyes and Rintamaki.

11)     After the tests were completed, Young, Keyes, and Rintamaki were all standing near the rear of Young's vehicle.

12)     Without warning, Keyes forcefully grabbed Young's arm.

13)     After Keyes grabbed Young's arm, he then commanded Young to put his hands behind his back.

14)     Rintamaki grabbed Young from the other side.

15)     Both officers threw Young to the ground. Because the officers held Young's arms, Young was unable to protect himself from injury as he was thrown to the ground.

16)     Young repeatedly asked officers what they were doing to him.

17)     Young tried to prevent injury to himself during the encounter, but officers controlled him and prevented him from doing so.

18)     The officers put their weight on Young's back once he was on the ground. Officers continued to control and put Young's arms into a painful position.

19)     Due to the force used by Keyes and Rintamaki, Young's glasses were broken. Young also sustained lacerations on his face and chin.

20)     Due to the use of force by the defendants, Young suffered physical pain and injury, mental trauma, and emotional damages.

## COUNT 1: 42 U.S.C. § 1983—VIOLATION OF FOURTH AMENDMENT RIGHTS

21)     The allegations in the preceding paragraphs are restated and incorporated as though fully set forth herein.

22)     The defendants acted under color of state law while performing the acts described herein.

23)     While seizing Young, the defendants used excessive force. The defendants grabbed Young's arms forcefully and threw him to ground, preventing Young from shielding himself from injury. The defendants remained on Young's back and continued causing pain upon him.

24)     The defendants acted with evil intent or reckless indifference to the rights of Young.

25)     The defendants subjected Young to deprivations of his rights in such a manner as to render them liable for punitive damages.

26)     As a direct and proximate result of the acts of the defendants, Young suffered injuries and other harms that entitle him to damages in amount to be determined at trial.

27)    The manner in which the defendants deprived Young of his rights supports an award of punitive damages, which are necessary to deter further improper conduct.

28)    Young is entitled to fully recover his costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

## JURY DEMAND

29)    The plaintiff demands a jury trial on all triable issues pursuant to Rule 38 of the Federal Rules of Civil Procedure.

WHEREFORE, the plaintiff prays for a judgment against the defendants as follows:

1.    For money damages against the defendants jointly and severally in an amount to be determined at trial;

2.    Prejudgment interest, costs, and attorney's fees;

3.    Punitive damages; and

4.    For such other and further relief as the Court deems just and equitable.

Dated: <u>September 13, 2023</u>          Respectfully submitted,

**Dane DeKrey**
Ringstrom DeKrey PLLP
P.O. Box 853
Moorhead, MN  56561-0853
<u>dane@ringstromdekrey.com</u>