## UNITED STATES DISTRICT COURT
## DISTRICT OF NORTH DAKOTA
## WESTERN DIVISION

**RONALD EDWARD YOUNG**,

                     Plaintiff,

vs.

Eric Keyes, acting in his individual
capacity as a Williston police
officer, and Nick Rintamaki, acting
in his individual capacity as a
Williston police officer,

                     Defendants.

Case No. 1:23-cv-00174-DMT-CRH

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

## INTRODUCTION

Defendants' motion for judgment on the pleadings puts the cart before the horse. At this stage of the litigation, Ronald Young has more than satisfied the straightforward requirements of Rule 8 of the Federal Rules of Civil Procedure and *Twombly* and *Iqbal*. The case should proceed.

## BACKGROUND

On December 31, 2019, officers Eric Keyes and Nick Rintamaki stopped Ronald Young due to an alleged improper turning movement.[1] The two then

---

[1] Doc. 1, Compl. at ¶¶ 6-9.

conducted a DWI stop on Ronald and observed alleged indicia of intoxication.[2]
During the encounter, the officers' demeanor grew increasingly confrontational,
leading Ronald to comment that the two officers should "chill the [expletive] out."[3]
Defendant Keyes responded: "No, you need to learn how to listen."[4]

After conducting several field sobriety tests, the officers then requested that
Ronald complete yet another alcohol-related screening test.[5] Before consenting,
Ronald requested more information about why they were asking him to undergo an
additional test.[6] Ronald expressed confusion because he felt that he had completed
all the requisite tests.[7] Defendant Keyes cut Ronald off when he sought clarification
about the tests, however, and asked for a "yes or no response" from Ronald.[8] Not
having his question answered, Ronald asked whether he passed the previous test.[9]

---

[2] *Id*. at ¶ 10.

[3] Keyes Body-Worn Camera ("BWC") at 15:17.

[4] *Id*. at 15:20.

[5] *Id*. at 15:38.

[6] *Id*. at 15:55.

[7] *Id*.

[8] *Id*. at 16:10.

[9] *Id*.

Defendant Keyes responded that the previous test was not pass or fail.[10] When Ronald tried to reply, Defendant Keyes cut him off.[11]

Defendant Keyes yelled, "Ronald, I'm done arguing with you."[12] Defendant Keyes then grabbed Ronald's arm without warning and said, "Sounds good."[13] Defendant Rintamaki grabbed Ronald's other arm, and the officers threw Ronald to the ground while restraining his arms.[14] Defendant Keyes commanded Ronald to put his hands behind his back after he had *already grabbed* Ronald's arms and while he was taking Ronald to the ground.[15] With the two officers holding his arms, Ronald couldn't protect himself as his face hit the ground.[16] The officers kept using force on Ronald as he was on the ground.[17] In total, the officers put Ronald's arms in a painful position, broke his glasses, and caused him to sustain lacerations on his face and

---

[10] *Id.*

[11] *Id.* at 16:24.

[12] *Id.*

[13] *Id.* at 16:27; Keyes Dash Cam at 17:32.

[14] Keyes Dash Cam at 17:32.

[15] Keyes BWC at 16:29.

[16] Keyes Dash Cam at 17:32.

[17] *Id.* at 17:39.

chin.[18] Paramedics took Ronald from the scene in an ambulance and he received medical attention following the incident.[19]

## Legal Standard

Courts apply the same standard to motions for judgment on the pleadings as they do for motions to dismiss.[20] At the pleading stage, a plaintiff need only provide a "short and plain" statement setting forth claims for relief.[21] A pleading survives a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[22] And while the two standards are the same, there are other considerations depending on the specific motion:

- <u>Motion to dismiss.</u> A court must accept "the allegations contained in the complaint as true and mak[e] all reasonable inferences in favor of the nonmoving party."[23] Circumstantial allegations that infer a claim to relief are sufficient at this stage.[24]

---

[18] Compl. at ¶¶ 18-20.

[19] Keyes Dash Cam at 26:05.

[20] *Spagna v. Phi Kappa Psi, Inc.*, 30 F.4th 710, 715 (8th Cir. 2022).

[21] Fed. R. Civ. P. 8(a)(2).

[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

[23] *Jones v. Douglas County Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019).

[24] *Davis v. Washington Univ. in St. Louis*, 960 F.3d 478, 482–83 (8th Cir. 2020).

- <u>Motion for judgment on the pleadings.</u> A court "generally must ignore materials outside the pleadings, but it may consider 'some materials that are part of the public record or do not contradict the complaint.'"[25]

## ARGUMENT

Officers Keyes and Rintamaki used excessive force when they threw Ronald to the ground in a manner that prevented Ronald from protecting his face. This use of force was unreasonable and violated Ronald's constitutional rights. The Court should thus deny Defendants' motion for judgment on the pleadings and permit Ronald to continue litigating his claim against the officers.

### 1) Ronald has stated a claim for excessive force in violation of his Fourth Amendment rights.

The Fourth Amendment protects people against "unreasonable searches and seizures."[26] An officer's use of force during a seizure must be objectively reasonable to comply with the U.S. Constitution.[27] "Force is least justified against nonviolent misdemeanants who do not flee or actively resist arrest and pose little or no threat to the security of the officers or the public."[28] It's unreasonable for officers to "throw

---

[25] *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (cleaned up).

[26] U.S. Const. amend. IV.

[27] *Graham v. Connor*, 490 U.S. 386, 395–97 (1989).

[28] *Brown v. City of Golden Valley*, 574 F.3d 491, 499 (8th Cir. 2009).

to the ground a nonviolent, suspected misdemeanant who was not threatening anyone, was not actively resisting arrest, and was not attempting to flee."[29]

Here, Ronald's allegations support that Officers Keyes and Rintamaki used improper force as recognized in *Montoya*. Ronald was a nonviolent misdemeanant who had not threatened anyone with violence. When Defendant Keyes and Defendant Rintamaki grabbed Ronald, he wasn't actively resisting arrest. Ronald had shown no indication that he was trying to flee—it was actually the opposite: Ronald was trying to get additional information from the officers about the DWI process and why they wanted him to undergo additional testing.

But rather than answering Ronald's questions, the officers turned to use of force instead. Ronald's refusal to immediately provide a "yes or no" answer to whether he would take the extra test did not justify the officers' use of force.[30] Ronald's demeanor, likewise, did not support the use of force. At this stage, the Court *must accept* Ronald's allegations as true and draw inferences in support of his position.[31] Ronald's position is that he was not unreasonably argumentative or

---

[29] *Montoya v. City of Flandreau*, 669 F.3d 867, 873 (8th Cir. 2012).

[30] *Brown*, 574 F.3d at 499 (holding that suspect's refusal to end call after officers commanded the suspect to end the call did not support use of force).

[31] *Jones*, 915 F.3d at 499.

contentious. It was the officers, not Ronald, who refused to clear up his confusion about the process and, instead, escalated the situation by resorting to unlawful force. But even if Ronald had been argumentative, that alone would not have justified use of force by the Officers Keyes and Rintamaki.[32]

Similarly, Ronald's position is that he did not physically resist the officers in any way. He did, however, try to protect himself as he was falling to the ground with his arms restrained. Even if the officers argue that Ronald's movements constituted resistance, that factual dispute should be determined by a factfinder; not resolved at this preliminary stage.[33] For all these reasons, Ronald has plausibly alleged improper use of force that *Montoya* held to be unconstitutional. The Court should permit the claim to proceed.

Next, Defendants' efforts to mischaracterize Ronald's allegations and, instead, use inferences favorable to their position should be rejected at this stage.[34]

---

[32] *See Bauer v. Norris*, 713 F.2d 408, 412 (8th Cir. 1983) (recognizing that officers may use force only to overcome physical resistance or threatened force).

[33] *Ribbey v. Cox*, 222 F.3d 1040, 1043 (8th Cir. 2000) (holding that a factfinder should resolve a factual dispute regarding whether a plaintiff's movement was a reflex or an action consistent with reaching for a weapon).

[34] *Dryer v. National Football League*, 689 F. Supp. 2d 1113, 1120–21 (D. Minn. 2010) (Resolving all inferences in favor of the plaintiff because a court "may not choose from competing, reasonable inferences on a motion for judgment on the pleadings").

For example, Defendants claim that Ronald "actively resist[ed] a lawful DUI arrest."[35] They also claim that Young was "not ready, willing or able to listen to the Officers or to comply with their most basic instructions."[36] These argumentative assertions, and others like them, should be stricken because they contradict Ronald's allegations and contain impermissible inferences on a motion to dismiss.[37]

Defendants' claims also contradict the video, which shows that the officers were the ones unwilling to listen and only commanded Ronald to comply with an arrest after he was *already grabbed* and being taken to the ground.[38] Further, their conclusory descriptions, such as Ronald "violently resist[ing] the Officer's commands and violently resist[ing] the force they were applying" should be rejected as inconsistent with Ronald's allegations and inferences favorable to him.[39]

Defendants also seem to concede this matter is subject to factual disputes that the Court cannot resolve at this stage. Defendants' claim "[i]t is unclear from the video if Plaintiff is really 'thrown' to the ground or if the two Officers and Plaintiff

---

[35] Doc. 8, Defs.' Mem. at 12.

[36] *Id.*

[37] *Dryer*, 689 F. Supp. 2d at 1120–21.

[38] Keyes BWC at 16:24.

[39] *Jones*, 915 F.3d at 499.

simply ended up on the ground due to the scuffle that happened as soon as they tried to grab his arms to make the arrest."[40] Ronald asserts that the video shows Officers Keyes and Rintamaki intentionally throwing him to the ground. Because factual disputes exist, the Court must deny Defendants' motion at this stage.[41]

Finally, Ronald disputes Defendants' various mischaracterizations about his pleadings. For example, Defendants' claim that Ronald "never allege[d] Plaintiff did not resist his DUI arrest."[42] That's both wrong and a red herring. Ronald pleaded facts describing the arrest—all that he's required to do—rather than pleading negative conclusory statements of everything that did not happen. Ronald asserted that he was "standing" by his vehicle when the officers suddenly grabbed his arms.[43] Ronald also asserted that he tried to protect himself during the encounter but the officers prevented him from doing so.[44] If Ronald needs to affirmatively assert that he did not resist, he's happy to do so through an amended pleading. But that negative

---

[40] Defs.' Mem. at 14.

[41] *Northern Valley Communications, LLC v. AT & T Corp.*, 659 F. Supp. 2d 1056, 1061–62 (D.S.D. 2009) (denying motion for judgment on the pleadings due to factual disputes).

[42] Defs.' Mem. at 15.

[43] Compl. at ¶¶ 11-12.

[44] *Id*. at ¶ 17.

assertion is unnecessary at this stage because Ronald receives all favorable inferences, including that his mere standing and trying to protect himself did not constitute resistance to the officers' unjustified force.

To conclude, it's important to reiterate the case's procedural posture: Officers Keyes and Rintamaki must argue their motion using the allegations put forth by Ronald and the inferences drawn most favorably to him. Within that framework, Ronald has adequately pleaded excessive force based on the officers throwing him to the ground without any indication of violence or threatening behavior by Ronald. The alleged factual disputes identified by Defendants provide additional support that the Court shouldn't dismiss the case at this preliminary stage and instead should allow it to proceed to discovery. For these reasons, the Court should deny Defendants' motion for judgment on the pleadings.

**2) Defendants aren't entitled to qualified immunity.**

Qualified immunity is a two-part inquiry: "(1) whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right, and (2) whether that right was clearly established at the time of the defendant's alleged misconduct."[45] For a right to be clearly established, prior case law need not be

---

[45] *Mitchell v. Shearrer*, 729 F.3d 1070, 1074 (8th Cir. 2013) (*citing Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

directly on point, but "existing precedent must have placed the statutory or constitutional question beyond debate."[46] It's "not necessary, of course, that the very action in question has previously been held unlawful."[47] The key question is "whether there was a fair and clear warning of what the Constitution requires."[48] In the Eighth Circuit, that "fair and clear warning" came in 2012 in *Montoya*, where the court ruled that an officer could not throw to the ground "a nonviolent, suspected misdemeanant who was not threatening anyone, was not actively resisting arrest, and was not attempting to flee."[49] From then on, it was clearly established in the Eighth Circuit that such conduct is unconstitutional.

Here, Defendants skip this test, ignore *Montoya*, and offer conclusory assertions about Young's "erratic behavior," among others. [50] But Defendants cannot overcome the fact that *Montoya* put them notice that their conduct was unconstitutional. Additionally, Officers Keyes and Rintamaki were on notice that

---

[46] *White v. Pauly*, 580 U.S. 73, 79 (2017) (cleaned up).

[47] *Thompson v. City of Monticello*, 894 F.3d 993, 999 (8th Cir. 2018) (cleaned up).

[48] *Id.* (cleaned up).

[49] *Montoya*, 669 F.3d at 873.

[50] Defs.' Mem. at 18.

Ronald's tone and request for more information did not support use of force without a safety threat or threat of violence.[51]

Ronald also disputes the potential safety threats now claimed by the officers as contributing to their use of force.[52] The video does not show a safety threat presented by Ronald. Instead, the video shows that the officers were merely frustrated with Ronald and his request for clarification, and they threw him to the ground rather than answering his questions.

Finally, Defendants assert, confusingly, that Ronald has pleaded that Officers Keyes and Rintamaki negligently harmed him.[53] To be clear, Ronald asserts that the officers intentionally and maliciously threw him to the ground because they were frustrated that he was asking questions about the DWI testing process. Taking Ronald's allegations as true, Defendants' arguments about liability for negligent actions are irrelevant and misplaced, and the Court should ignore them.

*     *     *

---

[51] *See Shannon v. Koehler*, 616 F.3d 855, 862–63 (8th Cir. 2010) (holding that plaintiff's alleged drunk and belligerent behavior did not *per se* justify use of force).

[52] Defs.' Mem. at 18.

[53] *Id.*

## CONCLUSION

Ronald Young has adequately stated his claim. He therefore respectfully requests that the Court deny Defendants' motion for judgment on the pleadings.

Dated: <u>December 26, 2023</u>          Respectfully submitted,

**Dane DeKrey (#09524)**
Ringstrom DeKrey PLLP
P.O. Box 893
Moorhead, MN  56560-0853


*/s/ Eric A. Rice* (admitted *pro hac vice*)
**LAW OFFICE OF ERIC A. RICE, LLC**
1 West Water Street, Suite 275
St. Paul, MN  55107
eric@ricedefense.com